UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES RUSSELL, | : | |
| Petitioner, | : | Civ. No. 20-3478 (PGS) |
| v. | : | |
| STEPHEN JOHNSON, et al., | : | **MEMORANDUM & ORDER** |
| Respondents. | : | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF 8). In this action, Petitioner is challenging his state court conviction arising out of Indictment Number 06-05-0869.

On June 10, 2021, Petitioner filed a motion to stay and abey this case. (*See* ECF 11). On August 5, 2021, this Court denied that motion without prejudice after concluding that Petitioner's second post-conviction relief ("PCR") petition was only asserting ineffective assistance of PCR counsel. (*See* ECF 12 at 2). Thus, a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) was not appropriate because such a claim is not cognizable in these federal habeas proceedings. (*See* ECF 12 at 2 (citing 28 U.S.C. § 2254(i); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).

On August 31, 2021, Petitioner filed another motion to stay and abey these federal habeas proceedings. (*See* ECF 13). Petitioner argues that a stay is appropriate because his pending second PCR petition in state court is asserting claims of newly discovered evidence and that the arrest warrant was defective. (*See id.* at 3). Petitioner did not include a copy of his pending PCR petition with this Court.

Nevertheless, Respondents in their response in opposition to Petitioner's motion to stay have included a copy of Petitioner's second PCR petition. (*See* ECF 16 at 8-14). This second PCR petition indicates that Petitioner is pursuing a claim in that action that is not cognizable in these federal habeas proceedings, namely, ineffective assistance of PCR counsel. (*See id.* at 13).

For similar reasons as discussed in this Court's August 5, 2021 memorandum and order, Petitioner is not entitled to a stay under *Rhines* given the claim he is pursuing in his second PCR petition is not cognizable in these federal habeas proceedings. Therefore, his motion to stay will be denied. Petitioner shall be given additional time though to file a reply in support of his pending federal habeas petition should he elect to do so.

Accordingly, IT IS this 4th day of April, 2022,

ORDERED that Petitioner's motion for a stay and abeyance (ECF 13) is denied; and it is further

ORDERED that Petitioner may file and serve a reply in support of his habeas petition within forty-five (45) days of this order should he elect to do so as Respondents have already filed their response in opposition to the habeas petition (*see* ECF 17-29); and it is further

ORDERED that the Clerk shall serve this memorandum and order on Petitioner by regular U.S. mail.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J..